# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAIN BHAMANI, <br>     Petitioner, <br>     v. <br> CRAIG APKER <br>     Respondent. | Case No.: 1:17-cv-01572-JLT (HC) <br><br> ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE <br><br> FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS <br><br> [21-DAY OBJECTION DEADLINE] |

On November 27, 2017, Petitioner filed the instant habeas corpus petition pursuant to 28 U.S.C. § 2241.  He challenges a discretionary decision of the Bureau of Prisons ("BOP") denying him entry into pre-release placement in a Residential Re-entry Center ("RRC"), Community Correction Center ("CCC"), halfway house, or home confinement pursuant to the Second Chance Act of 2007. Because the Court is without jurisdiction to review discretionary decisions of the BOP concerning pre-release placement, the Court will recommend the petition be DISMISSED.

## **FACTUAL HISTORY**

The petition and attached documents indicate that on August 27, 2015, Petitioner was convicted and sentenced in the United States District Court for the Eastern District of Calfornia to serve 33 months for sale of unregistered securities in violation of 15 U.S.C. § 77.  On February 15, 2016, Petitioner surrendered to Taft Correctional Institution ("TCI") where he is currently

incarcerated.

On December 19, 2016, the BOP Residential Re-entry Manager ("RRM") determined Petitioner eligible for pre-release placement and designated him for 208 days at Behavioral Systems Southwest in Van Nuys, California, to commence on December 11, 2017. On October 19, 2017, the case manager at TCI advised Petitioner that the RRM had removed the pre-release placement due to lack of bed space. On October 26, 2017, Petitioner appealed to the Warden of TCI. The Warden advised Petitioner that the RRM made a determination that Petitioner was "inappropriate for pre-release RRC placement." Petitioner challenges the cancellation of his eligibility and seeks RRC placement in accordance with the original unit recommendation.

## **DISCUSSION**

A. Statutory and Regulatory Background.

The BOP has the authority, under 18 U.S.C. § 3621(b), to designate the location of an inmate's imprisonment. Section 3621 provides that the BOP "shall make available appropriate substance abuse treatment for each prisoner the [BOP] determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). To carry out this requirement, the BOP must make available residential drug substance abuse treatment for eligible prisoners. 18 U.S.C. § 3621(e)(1). As an incentive for successful completion of the residential drug abuse program ("RDAP"), the BOP may reduce a prisoner's sentence by up to one year. 18 U.S.C. § 3621(e)(2)(B). Determining which prisoners are eligible to participate in RDAP is within the discretion of the BOP, see 18 U.S.C. § 3621(e)(5)(B), as is the decision to grant or deny eligible prisoners sentence reductions upon successful completion of the program, see 18 U.S.C. § 3621(e)(2)(B).

On April 9, 2008, the President signed into law the "Second Chance Act" ("SCA"), a bill which amends the text of 18 U.S.C. § 3624(c). The updated text of § 3624(c)(1) authorizes the BOP to consider placing inmates in RRCs for up to the final twelve months of their sentences. Section 3624(c)(4) also clarifies that nothing in § 3624 "shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under § 3621." 18 U.S.C. § 3624(c)(4).

Pursuant to § 3624(c)(6), inmates are to be individually considered for pre-release RRC placement using the following five factor criteria from 18 U.S.C. 3621(b), which are as follows:

2

        (1) the resources of the facility contemplated;
        (2) the nature and circumstances of the offense;
        (3) the history and characteristics of the prisoner;
        (4) any statement by the court that imposed the sentence
                (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
                (B) recommending a type of penal or correctional facility as appropriate; and
        (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

After the passage of the SCA, various legal challenges were raised against the SCA and against the BOP's implementation of the SCA through its memoranda. On March 3, 2011, the Ninth Circuit decided Reeb v. Thomas, 636 F.3d 1224 (9th Cir. 2011). In Reeb, the Ninth Circuit addressed a petitioner's contention that BOP had wrongfully expelled him from a prison drug treatment program, the Residential Drug Abuse Program ("RDAP"), authorized by 18 U.S.C. § 3621(e). The appeals court prefaced its ruling by explaining the role of the Administrative Procedure Act ("APA") vis-a-vis claims by federal inmates:

> The APA provides a cause of action for persons "suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute," 5 U.S.C. § 702, but withdraws that cause of action to the extent that the relevant statute "preclude[s] judicial review" or the "agency action is committed to the agency discretion by law," id. § 701(a)....[Under the APA] [a]gency actions can be held unlawful when they are "arbitrary, capricious, an abuse of discretion , or otherwise not in accordance with law." 5 U.S.C. § 702(2)(A).

Reeb, 636 F.3d at 1226.

The Ninth Circuit then focused on 18 U.S.C. § 3625, entitled "Inapplicability of the Administrative Procedure Act," that provides that "[t]he provisions of sections 554 and 555 and 701 through 706 of [the APA] do not apply to the making of any determination, decision, or order under [18 U.S.C. §§ 3621-3625]." Reeb, 636 F.3d at 1226. In concluding that it lacked jurisdiction to consider the petitioner's claim, the Ninth Circuit reasoned as follows:

> There is no ambiguity in the meaning of 18 U.S.C. § 3625. The plain language of this statute specifies that the judicial review provisions of the APA, 5 U.S.C. §§ 701-706, do not apply to "any determination, decision, or order" made pursuant to 18 U.S.C. §§ 3621-3625. The BOP has authority to manage inmate drug treatment programs, including RDAP, by virtue of 18 U.S.C. § 3621. To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625. Accordingly, any substantive decision by

the BOP to admit a particular prisoner to RDAP, or to grant or deny a sentence reduction for completion of the program, is not reviewable by the district court. The BOP's substantive decisions to remove particular inmates form the RDAP program are likewise not subject to judicial review.

Reeb, 636 F.3d at 1227. The Court went on to explain as follows:

> Accordingly, we hold that federal courts lack jurisdiction to review the BOP's individualized RDAP determinations made pursuant to 18 U.S.C. § 3621, such a Reeb's claim herein. Although judicial review remains available for allegations that BOP action is contrary to established federal law, violates the United States Constitution, or exceeds its statutory authority, Reeb's habeas petition alleges only that the BOP erred in his particular case. Because the district court lacked jurisdiction to adjudicate the merits of Reeb's habeas petition, we vacate its judgment and remand with instructions to dismiss for lack of jurisdiction.

Id. at 1228-1229.

Petitioner claims that Respondent's determination to deny him pre-release placement in an RRC was arbitrary and capricious. He complains that the RRM stated that pre-release placement was "inappropriate" but the RRM didn't further define or explain the term. He argues that the RRM did not provide a reasonable basis for its decision. Essentially, Petitioner is contesting the individualized determination made by the BOP pursuant to 18 U.S.C. § 3621. Pursuant to Reeb, the Court is without jurisdiction to adjudicate his habeas petition. As discussed above, Reeb provides that any claims raised under 18 U.S.C. § 3621, including discretionary decisions by the BOP on RRC placement, are not entitled to judicial review. 18 U.S.C. § 3621(b). Petitioner also mentions that the BOP's action violates the Constitution and Federal law, however, he provides no viable argument on this basis. The Court does not believe that the petition can be fairly read to challenge anything other than the particularized and individualized determination regarding RRC placement of this particular petitioner. Accordingly, the BOP's substantive, discretionary RRC decision adverse to Petitioner is not reviewable in the district court. Reeb, 636 F.3d at 1227.

### **ORDER**

The Court DIRECTS the Clerk of the Court to assign a United States District Judge to this case.

///

///

///

4

**RECOMMENDATION**

For the reasons set forth above, the Court RECOMMENDS that the petition for writ of habeas corpus (Doc. 1), be DISMISSED for lack of jurisdiction.

This Findings and Recommendations is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy of this Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed within ten <u>court</u> days after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **November 30, 2017**     **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE